IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

JANET J. JAMES,  )
 )
              Plaintiff,  )
 )
v.  )   Case No. 13-1387-JWL
 )
CAROLYN W. COLVIN,  )
Acting Commissioner of Social Security,  )
 )
             Defendant.  )
 )
_____)

## **MEMORANDUM AND ORDER**

Plaintiff seeks review of a decision of the Commissioner of Social Security ("Commissioner") denying certain benefits under the Social Security Act (the "Act"). For the reasons set forth below, the Court **reverses** the Commissioner's decision and **remands** the case for further proceedings.

### **I.   Background**

Plaintiff applied for a period of disability, disability insurance benefits, and supplemental security income. In due course, plaintiff exhausted proceedings before the Commissioner, and she now seeks judicial review of the final decision denying benefits. Plaintiff alleges that the Administrative Law Judge (ALJ), in determining her residual functional capacity (RFC), failed to comply with the narrative discussion requirement

of Social Security Ruling (SSR) 96-8p.

In rendering his decision that plaintiff was not disabled under the Act, the ALJ employed the familiar five-step sequential process. *See* 20 C.F.R. § 416.920; *Wilson v. Astrue*, 602 F.3d 1136, 1139 (10th Cir. 2010) (citing *Williams v. Bowen*, 844 F.2d 748, 750 (10th Cir. 1988)). In the first three steps, the ALJ determined that plaintiff had not engaged in substantial gainful activity since the onset date; that plaintiff had severe impairments, namely bilateral hearing loss (improved with hearing aids), disorder of back (status post surgery), headaches, and depression; and that plaintiff's impairment did not meet or equal the severity of the listed impairments. The ALJ then determined the following RFC for plaintiff:

> [T]he claimant has the residual functional capacity to perform sedentary work (lift or carry 10 pounds occasionally and 10 pounds frequently, stand or walk for two hours out of an eight-hour workday and sit for six hours out of an eight-hour workday) as defined in 20 CFR 404.1567(a) and 416.967(a) except: She may occasionally climb stairs, but should never climb ropes, scaffolds or ladders. She can occasionally stoop. She must avoid loud background noise. She must avoid unprotected heights and hazardous moving machinery. Secondary to mental issues, reported chronic pain and headaches, she may do simple to intermediate tasks but is limited to jobs that do not demand attention to details or complicated job tasks or instructions. She may work in proximity to others, but, is limited to jobs that do not require close cooperation and interaction with co-workers, in that, she would work best in relative isolation. Secondary to her hearing impairment and mental issues she is limited to only occasional interaction and cooperation with the general public. She retains the capacity to: maintain attention and concentration for minimal 2 hour periods at a time; accept supervision on a basic level; and adapt to changes in the work place on a basic level.

Finally, in steps four and five, the ALJ determined that plaintiff had no relevant past

work, but that there were jobs that plaintiff could perform given her RFC and her other circumstances. Accordingly, the ALJ found that plaintiff was not disabled.

**II.     Analysis**

Plaintiff's sole argument on review is that the ALJ failed to comply with SSR 96-8p's narrative discussion requirement in determining her RFC. SSR 96-8p provides in relevant part as follows:

> The RFC assessment must include a narrative discussion describing how the evidence supports each conclusion, citing specific medical facts (e.g., laboratory findings) and nonmedical evidence (e.g., daily activities, observations). In assessing RFC, the adjudicator must discuss the individual's ability to perform sustained work activities in an ordinary work setting on a regular and continuing basis (i.e., 8 hours a day, for 5 days a week, or an equivalent work schedule), and describe the maximum amount of each work-related activity the individual can perform based on the evidence available in the case record. The adjudicator must also explain how any material inconsistencies or ambiguities in the case record were considered and resolved.
>
> . . .
>
> *Medical opinions*. The RFC assessment must always consider and address medical source opinions. If the RFC assessment conflicts with an opinion from a medical source, the adjudicator must explain why the opinion was not adopted.

SSR 96-8p, 1996 WL 374184, at *7 (July 2, 1996).

The Tenth Circuit has described the ALJ's duty to discuss the evidence as follows:

> The record must demonstrate that the ALJ considered all of the evidence, but an ALJ is not required to discuss every piece of evidence. Rather, in

3

> addition to discussing the evidence supporting his decision, the ALJ also must discuss the uncontroverted evidence he chooses not to rely upon, as well as significantly probative evidence he rejects.

*See Clifton v. Chater*, 79 F.3d 1007, 1009-10 (10th Cir. 1996) (citations omitted). In making his RFC assessment, it is not sufficient for the ALJ simply to summarize the evidence without relating that evidence to his conclusions. *See Grundy v. Astrue*, 2010 WL 4025756, at *4 (D. Kan. Oct. 13, 2010) (Lungstrum, J.); *see alo Cruse v. United States Dept. of Health and Human Servs.*, 49 F. 3d 614, 618 (10th Cir. 1995) (ALJ discussed evidence but did not relate it to his conclusions). SSR 96-8p, however, does not require citation to specific medical evidence for each limitation in the RFC. *See Topper v. Colvin*, 2013 WL 2458503, at *9 (D. Kan. June 6, 2013) (Lungstrum, J.).

> The court does not require that the decision include an item-by-item discussion of each RFC limitation with an explanation of the evidence relied upon to support that particular limitation, but the decision must explain how the ambiguities were resolved and reveal the evidentiary basis of and rationale for the RFC assessed.

*See Luzier v. Astrue*, 2011 WL 2470243, at *7 (D. Kan. June 20, 2011) (Lungstrum, J.). "The ALJ's decision need only be 'sufficiently articulated so that it is capable of meaningful review.'" *See Topper*, 2013 WL 2458503, at *9 (quoting *Spicer v. Barnhart*, 64 F. App'x 173, 177-78 (10th Cir. 2003) (unpub. op.)). If the ALJ's decision does not comply with the requirements of SSR 96-8p, his RFC conclusions are not supported by substantial evidence. *See Babineau v. Astrue*, 2010 WL 4568985, at *6 (D. Kan. Nov. 3, 2010) (Lungstrum, J.) (citing *Southard v. Barnhart*, 72 F. App'x 781, 784-85 (10th Cir. 2003) (unpub. op.)).

The Court rejects plaintiff's general assertion that the ALJ did not include a narrative discussion with respect to his RFC determination. The ALJ did not merely discuss the evidence in his decision, but effectively linked the evidence to plaintiff's limitations and his RFC findings. For example, the ALJ explained that he was discounting the opinion of a psychologist because that expert had limited plaintiff in part because of her hearing impairment and not wholly because of her mental impairments. The ALJ noted that a state agency medical consultant did not have access to new evidence about plaintiff's back surgery, which evidence warranted additional limitations. The ALJ noted that plaintiff's treating sources had not suggested any disabling limitations. He found that plaintiff's statements about her limitations were not entirely credible. He also discussed evidence from a former employer of plaintiff and from plaintiff's mother, and he related that evidence to his RFC determination by finding that the evidence showed that plaintiff's auditory functioning was better than alleged and that plaintiff had a good capacity for work.

Plaintiff also cites specific evidence relating to her impairments in arguing that the ALJ did not comply with the narrative description requirement. As explained above, however, the law does not require the ALJ to discuss each piece of evidence or to tie specific evidence to each limitation in the RFC. Moreover, the ALJ did address plaintiff's specific impairments in the context of her limitations. Plaintiff notes evidence of her back pain, and she complains that the ALJ did not include a limitation about prolonged sitting. The ALJ explained, however, that some limitations were warranted

5

by plaintiff's back surgery; that her back and leg pain will continue to improve; that her doctors had not suggested disabling limitations; that plaintiff was not entirely credible with respect to her allegations of pain, which were not supported by the evidence; and that evidence of plaintiff's ability to complete a wide variety of household chores suggested a good capacity for work. Plaintiff complains that the ALJ did not address her headaches, but in fact the ALJ noted that no clear etiology had been determined for her reported headaches, and he noted that no doctor had suggested disabling limitations. Plaintiff argues that a psychologist found that she had a slow processing speed; the ALJ, however, noted that that doctor had relied at least in part on plaintiff's hearing problems for his conclusions, and he noted that plaintiff had received no mental health treatment. The Court thus concludes that the ALJ did not fail to comply with the narrative discussion requirement with respect to these specific conditions suffered by plaintiff.

Nevertheless, the Court concludes that the ALJ did fail to comply with SSR 96-8p in one respect. In his decision, the ALJ stated as follows:

> A State agency psychological consultant concluded that the claimant can carry out *simple tasks* with adequate concentration, persistence, or pace, stating that she may be distracted by noise and will work best in jobs where she does not work in proximity to others (Exhibit 7A). This is given significant weight, as it is supported by the one consultative examination report in the record about her mental impairments.

(Emphasis added.) The ALJ accurately described this expert opinion, which did refer to "simple tasks." The ALJ stated that he gave significant weight to this consultant's opinion, and in plaintiff's RFC, the ALJ limited her to jobs that did not require close

6

cooperation and interaction with co-workers. While the consultant's opinion limited plaintiff to "simple tasks," however, the RFC only limited plaintiff to "simple to intermediate tasks." Thus, despite purporting to accord the consultant's opinion significant weight, the ALJ relaxed the limitation from "simple" tasks to "simple to intermediate" tasks, thereby creating a conflict between the RFC and an opinion from a medical source. SSR 96-8p explicitly requires that any such conflict or inconsistency be explained. The ALJ did not offer any explanation for why he failed to adopt that portion of the consultant's opinion, nor did he specifically address why he concluded that plaintiff could perform intermediate tasks. Accordingly, the ALJ's RFC determination violates this rule.

This conclusion is consistent with this Court's practice, in a long line of cases, of ordering a remand if the ALJ failed to explain a conflict between the RFC and a medical opinion as required by SSR 96-8p. *See, e.g.*, *Campbell v. Colvin*, 2014 WL 2991088, at *5 (D. Kan. July 3, 2014) (Lungstrum, J.) ("[W]here, as here, a medical opinion suggests a limitation in a mental ability which was not adopted by the ALJ, she is required by the narrative discussion provision of SSR 96-8p to explain why the opinion was not adopted."); *Jackson v. Colvin*, 2013 WL 6060808, at *4 (D. Kan. Nov. 18, 2013) (Lungstrum, J.); *Hegwer v. Colvin*, 2013 WL 5769922, at *5 (D. Kan. Oct. 24, 2013) (Lungstrum, J.); *Rivas-Gonzales v. Colvin*, 2013 WL 5552114, at *4 (D. Kan. Oct. 7, 2013) (Lungstrum, J.); *Henderson v. Astrue*, 2013 WL 141610, at *5-6 (D. Kan. Jan. 11, 2013) (Lungstrum, J.); *Luzier v. Astrue*, 2011 WL 2470243, at *5-7 (D. Kan. June 20,

2011) (Lungstrum, J.); *Hunter v. Astrue*, 2011 WL 752115, at *6-7 (D. Kan. Feb. 24, 2011) (Lungstrum, J.); *see also Maynard v. Astrue*, 276 F. App'x 726, 729-13 (10th Cir. 2007) (unpub. op.) (RFC was not supported by substantial evidence in part because the ALJ failed to explain an inconsistency with a medical opinion).

     Defendant makes three arguments with respect to this unexplained inconsistency between the RFC and the state consultant's opinion, all three of which the Court rejects. First, the Commissioner argues as follows: "This difference is not meaningful as the jobs identified by the vocational expert are all unskilled by definition." It is true that the ALJ identified three jobs that plaintiff could perform under the RFC that he determined (administrative support worker, final assembler, and circuit board assembler), each of which he described as a "sedentary, unskilled position." The Commissioner has not cited any authority, however, relating "unskilled" in that context to the performance of "simple" or "intermediate" tasks. In other words, there is no basis for the Court to conclude (as the Commissioner seemingly argues) that these same jobs would be suitable for plaintiff even if her RFC were changed to limit her to "simple" tasks only. The Court notes in this regard that the testimony by the vocational expert, on which the ALJ relied for his finding in step five, was given in response to the ALJ's hypothetical based on his eventual RFC, including the limitation that plaintiff could perform "simple to intermediate tasks." The Court cannot merely assume that the answer would have been the same if intermediate tasks were eliminated from the hypothetical. Thus, this error by the ALJ cannot be considered harmless.

For her second argument on this point, the Commissioner states as follows: "Moreover, giving greater weight to the State agency doctor would not help Plaintiff's case, as this is the opinion that gave rise to the need for an ALJ hearing and decision in the first place." The meaning of this statement is unclear. The state agency consultant's opinion contained greater limitations than those in the RFC, not lesser. The fact that the Commissioner may have relied on that expert in granting a hearing does not bear on whether the ALJ, in setting forth plaintiff's RFC, complied with SSR 96-8p.

Thirdly, the Commissioner argues as follows: "Furthermore, the ALJ's decision explains that the ALJ had access to more recent evidence that was not available to State doctors, which accounts for differences in the findings." Indeed, the ALJ gave the opinion by one state agency medical consultant only "some weight," while noting that that consultant did not have access to new evidence about plaintiff's back surgery. In contrast, the ALJ gave the opinion by the state agency psychological consultant—a separate consultant—*significant* weight, without any mention of newer evidence concerning plaintiff's mental impairments. It was this latter consultant who opined in favor of limiting plaintiff to simple tasks only, and the ALJ failed to explain why he failed to adopt that limitation.

In summary, the ALJ may very well have consciously decided to lessen the consultant's limitation (changing simple tasks to simple to intermediate tasks) based on some evidence. Neither the Commissioner nor the Court, however, may presume the existence of such evidence without engaging in the sort of *post hoc* rationalization that

is prohibited. *See Grundy*, 2010 WL 4025756, at *5 (citing *Knipe v. Heckler*, 755 F.2d 141, 149 n.16 (10th Cir. 1985), and *Grogan v. Barnhart*, 399 F.3d 1257, 1263 (10th Cir. 2005)). The ALJ did not explain that particular decision not to adopt an opinion from a medical source, in violation of SSR 96-8p. Thus, the Court cannot conduct a meaningful review of the ALJ's RFC determination, which therefore cannot be said to be supported by substantial evidence. Accordingly, the Commissioner's denial of benefits must be reversed, and the case must be remanded for further proceedings.

IT IS THEREFORE ORDERED BY THE COURT THAT the Commissioner's decision shall be **reversed** and that judgment shall be entered pursuant to the fourth sentence of 42 U.S.C. § 405(g) **remanding** the case for further proceedings consistent herewith.

IT IS SO ORDERED.

Dated this 20th day of November, 2014, in Kansas City, Kansas.

s/ John W. Lungstrum
John W. Lungstrum
United States District Judge